UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: PRE-FILLED PROPANE TANK ANTITRUST LITIGATION | Case No. 14-md-02567<br>Judge Gary A. Fenner |
| This Document Relates To All Actions | |

**RESPONSE IN OPPOSITION TO MOTION TO APPOINT HAUSFELD LLP
AND BOIES, SCHILLER AND FLEXNER LLP AS CO-LEAD COUNSEL
FOR DIRECT PURCHASER PLAINTIFFS AND IN SUPPORT OF THE APPLICATION
OF COHEN MILSTEIN, BERGER & MONTAGUE, AND SUSMAN GODFREY**

Where more than one qualified applicant seeks appointment as lead class counsel, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Here, Cohen Milstein, Berger & Montague, and Susman Godfrey (with Shaffer Lombardo Shurin as liaison counsel) ("Proposed Co-Lead and Liaison Counsel") are best able to represent the interests of the class and should be selected.

What sets Proposed Co-Lead and Liaison Counsel apart, and renders them the most appropriate firms to lead this litigation, is "the work [they have] done in identifying or investigating potential claims in the action." *See* Fed. R. Civ. P. 23(g)(1)(A)(i).[1] Cohen Milstein filed the first direct-purchaser complaint, on behalf of Glenville Shell, and Berger & Montague

---

[1] Both groups seeking to serve as interim co-lead and liaison counsel consist of excellent firms with significant trial experience. Indeed, four of the five proposed co-lead firms (Cohen Milstein, Berger & Montague, Susman Godfrey, and Hausfeld) were named to the *National Law Journal* and Law.com's 2014 list of "Elite Trial Lawyers," two of the five (Cohen Milstein and Susman Godfrey) were named among the ten "Most Feared Plaintiffs Firms of 2014" by *Law 360*, and all five were recently named among the top twelve plaintiffs' antitrust firms by the *U.S. Legal 500*. All five proposed co-lead firms, and both proposed liaison counsel, plainly have the requisite "experience in handling class actions," "knowledge of the applicable law," and "resources" to represent the proposed Class effectively. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iv).

1

and Susman Godfrey filed complaints shortly thereafter.[2]  Proposed Co-Lead and Liaison counsel continued to investigate the conduct at issue and interview witnesses, leading to the filing of a detailed amended complaint on behalf of Glenville Shell that:  (1) identified the participants in and methods of defendants' conspiracy; (2) alleged that defendants' collusion continued until at least late-2010, within the four-year statute of limitations period;[3] (3) identified Ken Janish as a ringleader of the conspiracy and named him as an individual defendant;[4] and (4) included a market-allocation claim that is notably absent from the other complaints in this matter.[5]

The detailed allegations in the *Glenville Shell* Amended Complaint will be instrumental in contesting any motions to dismiss Defendants may file.  They serve both to make plaintiffs' allegations more plausible and compelling, and to insulate plaintiffs against a statute of limitations defense that Blue Rhino's counsel has stated will be "[f]ront and center of any motion to dismiss."  Tr. of Oct. 2, 2014 Hr'g before Joint Panel on Multidistrict Litig. at 18, *In re Pre-Filled Propane Tank Antitrust Litig.*, MDL No. 2567 (J.P.M.L. Oct. 23, 2014), ECF No. 132.

---

[2] The "Missouri Plaintiffs" note that they "filed the first complaints *in this district*." Suggestions in Supp. of Missouri Pls.' Mot. To Appoint Hausfeld LLP and Boies, Schiller & Flexner LLP as Co-Lead Counsel for Direct Purchaser Pls., and Walters Bender Strohbehn & Vaughan, P.C. as Liaison Counsel ("Suggestions") 2, ECF No. 15 (emphasis added); *see also id.* at 14 ("Hausfeld and Walters Bender together were the first to file a complaint in the Western District of Missouri.").  Their complaints, however, were all filed *after* the *Glenville Shell* complaint and the indirect-purchaser complaint in the *Ortiz* case.  Moreover, Cefo Enterprise Corp., which filed its complaint in the Western District of Missouri, supports appointment of Proposed Co-Lead and Liaison Counsel; so the term "Missouri Plaintiffs," while perhaps useful shorthand, should not be read to imply that all Missouri Plaintiffs support the Hausfeld group.

[3] The complaints of the "Missouri Plaintiffs" allege only conduct that occurred in 2008.

[4] The Glenville Shell complaint is unique in this regard.

[5] Proposed Co-Lead and Liaison Counsel and their investigator have earned the trust of key witnesses in this matter and are best positioned to develop evidence important to plaintiffs' case, including evidence of collusion lasting until at least late-2010 and evidence of market allocation.

Proposed Co-Lead and Liaison Counsel are, therefore, "the applicant(s) best able to represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(2).

Hausfeld, BSF, and Walters Bender ("the Hausfeld Group") tout the fact that they convened an August 15 meeting of "approximately forty counsel" to "discuss strategy in moving the case forward," as a reason they should be selected to lead this litigation. Suggestions at 2. Proposed Co-Lead and Liaison Counsel do not – and did not at the time – believe such a meeting, held a month and a half before the J.P.M.L. hearing, to be an efficient use of resources, and question whether the cost of such a meeting to the Class outweighs any purported benefits.[6] Instead of convening large, expensive, and premature meetings of dozens of counsel, Proposed Co-Lead and Liaison counsel devoted resources to investigating plaintiffs' claims and developing evidence of Defendants' misconduct.

The Hausfeld Group also notes that Tom Bender was involved in facilitating the filing of the Unopposed Motion to Modify Order of October 22, 2014. Suggestions at 2. While that is true, and Proposed Co-Lead and Liaison Counsel certainly appreciate Mr. Bender's efforts, the Hausfeld Group neglects to mention that Richard Koffman of Cohen Milstein and Rick Lombardo of Shaffer Lombardo Shurin were central to those discussions, with Mr. Koffman securing the agreement of counsel for AmeriGas and Mr. Lombardo securing the agreement of counsel for Blue Rhino. *See* October 28, 2014 e-mail from Richard Koffman to Plaintiffs' Counsel, Exhibit 2 hereto.

Proposed Co-Lead and Liaison Counsel respectfully submit that all of the candidates to lead this litigation for the proposed Class fully satisfy the criteria set forth in Fed. R. Civ. P.

---

[6] *See* August 8, 2014 e-mail from Richard Koffman to Michael Hausfeld et al., Exhibit 1 hereto. Plaintiffs' counsel in this litigation are scattered throughout the United States, and the expense of bringing dozens of them to Washington, D.C. for a meeting is considerable.

23(g)(1)(A)(ii)-(iv), but that Cohen Milstein, Berger & Montague, and Susman Godfrey have done, by far, the most "work . . . in identifying [and] investigating potential claims in the action," *See* Fed. R. Civ. P. 23(g)(1)(A)(i), and are therefore "best able to represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(2). Plaintiffs and their counsel in 17 of the 32 pending direct-purchaser actions[7] therefore respectfully request that the Court appoint Cohen Milstein, Berger & Montague, and Susman Godfrey as interim co-lead counsel, and Shaffer Lombardo Shurin as liaison counsel, for the putative direct-purchaser Class.[8]

---

[7] The following plaintiffs and their counsel support the appointment of Proposed Co-Lead and Liaison Counsel: Glenville Shell, Inc.; Morgan-Larson L.L.C.; Lochraven Sunoco, Inc.; Arrow Hardware, LLC; American Auto Repair; Johnson Auto Electric Inc.; Cedar Holly Investments, LLC; Cefo Enterprise Corp.; Tuckerton Lumber Co.; Ace High Auto Repair & Propane; JonWall, Inc., d/b/a The Original Tom Thumb; RC Gasoline; Speed Stop 32, Inc. d/b/a/ Towns Mart Marathon; Zarco USA, Inc.; Dunmore Oil Co., Inc.; Jojo Oil Co., Inc. d/b/a Airline Petroleum Company; Ekonomy Enterprises Inc. d/b/a EKE Markets; and Yocum Oil Company, Inc. The fact that a majority of Plaintiffs and their counsel support appointment of Cohen Milstein, Berger & Montague, and Susman Godfrey as interim co-lead counsel attests to these firms' ability to run this litigation both inclusively and efficiently, as they have done in numerous other cases. *See* Declarations of Joseph Bruckner, Joseph Goldberg, Daniel Hedlund, Roberta Liebenberg, and Barry Taus, attached as Exhibits E-I to Motion for Appointment of Interim Co-Lead and Liaison Counsel for the Direct Purchaser Class (filed Nov. 5, 2014).

[8] Proposed Co-Lead and Liaison Counsel have the support of 34 law firms in this litigation, as opposed to 29 supporting the Hausfeld Group. We do not suggest that this slight majority should be dispositive, but we simply note it in response to the Hausfeld Group's argument, *see* Suggestions at 2-3, that their level of support somehow suggests they have demonstrated "leadership" of this litigation.

Date: November 19, 2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Richard F. Lombardo*
　　　　　　　　　　　　　　　　　　　Richard F. Lombardo
　　　　　　　　　　　　　　　　　　　Kathleen Kopach Woods
　　　　　　　　　　　　　　　　　　　Jennifer J. Price
　　　　　　　　　　　　　　　　　　　Anne Smith
　　　　　　　　　　　　　　　　　　　SHAFFER LOMBARDO SHURIN
　　　　　　　　　　　　　　　　　　　911 Main Street, Ste. 2000
　　　　　　　　　　　　　　　　　　　Kansas City, MO 64105
　　　　　　　　　　　　　　　　　　　Phone: 816-931-0500

　　　　　　　　　　　　　　　　　　　Richard A. Koffman
　　　　　　　　　　　　　　　　　　　Kit A. Pierson
　　　　　　　　　　　　　　　　　　　Emmy L. Levens
　　　　　　　　　　　　　　　　　　　COHEN MILSTEIN SELLERS & TOLL PLLC
　　　　　　　　　　　　　　　　　　　1100 New York Avenue, NW
　　　　　　　　　　　　　　　　　　　Suite 500 East
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　Phone: 202-408-4600

　　　　　　　　　　　　　　　　　　　H. Laddie Montague, Jr.
　　　　　　　　　　　　　　　　　　　Eric L. Cramer
　　　　　　　　　　　　　　　　　　　Ruthanne Gordon
　　　　　　　　　　　　　　　　　　　BERGER & MONTAGUE, P.C.
　　　　　　　　　　　　　　　　　　　1622 Locust Street
　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　Phone: 215-875-3000

　　　　　　　　　　　　　　　　　　　Stephen D. Susman
　　　　　　　　　　　　　　　　　　　Vineet Bhatia
　　　　　　　　　　　　　　　　　　　Stephen Morrissey
　　　　　　　　　　　　　　　　　　　SUSMAN GODFREY L.L.P.
　　　　　　　　　　　　　　　　　　　1000 Louisiana Street, Suite 5100
　　　　　　　　　　　　　　　　　　　Houston, TX 77002
　　　　　　　　　　　　　　　　　　　Phone: 713-651-9366

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter.


Dated:  November 19, 2014   */s/ Richard F. Lombardo*
                            Richard F. Lombardo