# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MISSOURI

## WESTERN DIVISION

| | |
|---|---|
| **IN RE: PRE-FILLED PROPANE TANK ANTITRUST LITIGATION** | **MDL No. 2567** |
| | **Master Case No. 14-02567-MD-W-GAF** |
| **ALL INDIRECT PURCHASER ACTIONS** | |

## AMERIGAS PARTNERS, L.P.'S MOTION FOR ENTRY OF FINAL JUDGMENT AS TO DISMISSED PLAINTIFFS' CLAIMS AGAINST AMERIGAS PARTNERS, L.P. UNDER FED. R. CIV. P. 54(b)

Defendant AmeriGas Partners, L.P. ("AmeriGas") respectfully requests that this Court enter final judgment, pursuant to Federal Rule of Civil Procedure 54(b), as to the indirect purchaser plaintiffs whose claims against AmeriGas were dismissed with prejudice on timeliness grounds in the Court's August 21, 2019 Order ("Dismissal Order") (ECF No. 355). Those plaintiffs (the "Dismissed Plaintiffs") are listed below.[1] Entry of judgment as to AmeriGas is consistent with and anticipated by the pending class action settlement of all remaining claims against AmeriGas, which is set for a final approval hearing on March 30, 2021, and the terms of a separate settlement agreement that has been executed by AmeriGas and all but three of the Dismissed Plaintiffs, as described more fully below.

---

[1] The Dismissed Plaintiffs are: David McNally, Ken Cramer, Robert Orr, Steven Luttrell, James L. Ristow, Allan Disbrow, MaryLou Breed, Nicholas Pulli, Gary Sage, Kevin Dougherty, Paul Toomey, Daniel Kelleher, Richard Pedrick, Troy Winters, Thomas Gane, Mark I. Stevens, Richard Paradowski, and John Gilbert.

Background:  Indirect purchaser plaintiffs brought this litigation against AmeriGas, Ferrellgas Partners, L.P., and Ferrellgas, L.P., asserting claims under the antitrust laws of 23 states plus the District of Columbia:  Arizona, California, Florida, Iowa, Kansas, Massachusetts, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.  The Court's August 21, 2019 Dismissal Order dismissed with prejudice the claims asserted by the Dismissed Plaintiffs, which were pled under the antitrust laws of the District of Columbia and ten states (namely Florida, Kansas, Massachusetts, Mississippi, Nebraska, New Hampshire, New York, Tennessee, Vermont, and Wisconsin).  This left antitrust claims under the laws of the remaining 13 states, asserted by the remaining indirect purchaser plaintiffs on behalf of residents in those states.

On November 18, 2020, AmeriGas entered into a class-wide Stipulation of Settlement to resolve these remaining claims (the "Class Settlement").  The settlement also includes two new named plaintiffs (Greg Roberts and Kevin Marshall), one of whom (Marshall) brought and settled claims on behalf of a putative nationwide class of "direct" consumers of propane exchange tanks purchased through AmeriGas vending machines.  (We refer to the plaintiffs in the remaining 13 states, Mr. Roberts, and Mr. Marshall collectively as the "Class Plaintiffs").  On November 30, 2020, the Court entered an order preliminary approving the Class Settlement and setting a final approval hearing for March 30, 2021.  (ECF No. 489).

The settlement with the Class Plaintiffs contemplates that the Dismissed Plaintiffs will be entering into a separate confidential settlement agreement, providing for, *inter alia,* entry of judgment pursuant to the August 21, 2019 Dismissal Order.  As may be obvious, the reason for this separate settlement agreement is to ensure that AmeriGas is obtaining "complete peace" and

does not face further litigation in the district court or in the Court of Appeals from any of the Dismissed Plaintiffs.

Counsel for AmeriGas and for the Dismissed Plaintiffs have reached agreement on the form of the separate settlement agreement. AmeriGas has executed the agreement, and Plaintiffs' counsel have advised that they have obtained signatures on the agreement by all but three of the Dismissed Plaintiffs.[2] Two of the Dismissed Plaintiffs (David McNally and Ken Cramer) have died since the Dismissal Order was entered, and plaintiffs' counsel have been unable to confirm that representatives of their estates will execute the settlement agreement. Plaintiffs' counsel also have not been able to reach one other of the Dismissed Plaintiffs (Robert Orr), although concerted efforts have been made to reach him.

Plaintiffs' counsel have represented that they do not oppose the relief sought in this motion as to those Dismissed Plaintiffs whose signatures have been obtained on the settlement agreement and, indeed, entry of judgment under Rule 54(b) and waiver of appellate rights is a term of the settlement agreement those Dismissed Plaintiffs have signed. Concurrently with this motion, AmeriGas is requesting that plaintiffs' counsel serve a copy of this motion and the accompanying [Proposed] Judgment by email and FedEx upon Robert Orr and upon representatives of the estates of the two deceased plaintiffs, using the best available emails and physical addresses they have for such persons – as AmeriGas believes is counsel's duty in any event.

Relief requested: Because signatures by three of the Dismissed Plaintiffs on the separate settlement agreement cannot be obtained, AmeriGas is requesting that the Court allow a reasonable period (such as 10 days) for any response to be served by Mr. Orr or the representatives of the two

---

[2] The following Dismissed Plaintiffs have executed the settlement agreement: Steven Luttrell, James L. Ristow, Allan Disbrow, MaryLou Breed, Nicholas Pulli, Kevin Dougherty, Paul Toomey, Daniel Kelleher, Richard Pedrick, Troy Winters, Thomas Gane, Mark I. Stevens, Richard Paradowski, John Gilbert, and Gary Sage.

3

deceased plaintiffs, and thereafter enter final judgment as to AmeriGas pursuant to Rule 54(b), as to all Dismissed Plaintiffs. As shown in more detail in the next paragraphs, the Rule 54(b) standards are met for all Dismissed Plaintiffs, regardless of the fact that three of them have not signed the separate settlement agreement in which all of the other Dismissed Plaintiffs have expressly agreed to entry of judgment under Rule 54(b). After all, the Court's Dismissal Order dismissed the claims of **all** of the Dismissed Plaintiffs with prejudice, and the Rule 54(b) calculus is thus the same for all the Dismissed Plaintiffs. And entry of judgment now as to AmeriGas will ensure that the time to appeal has run prior to the final approval hearing on AmeriGas's Class Settlement, which is set for March 30, 2021, and this in turn fulfills a condition of the Class Settlement (namely, that AmeriGas is obtaining complete peace as to all indirect purchaser plaintiffs, both the Class Plaintiffs and the Dismissed Plaintiffs).

<u>Authority supporting the relief requested</u>: Federal Rule of Civil Procedure 54(b) expressly authorizes the relief sought by this Motion. That rule provides, in relevant part: "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgement as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." When deciding whether to grant a Rule 54(b) motion, the court must undertake a two-step analysis. *Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012). First, the court must "determine whether it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." *Id.* Second, "[i]n determining there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Id.* A Rule 54(b) motion should be granted "if there exists some danger of hardship or injustice through delay." *Id.*

Here, both requirements are met with respect to the claims against AmeriGas as to all of the Dismissed Plaintiffs. First, the Dismissal Order, in conjunction with the Class Settlement, resolved all of the claims by the Dismissed Plaintiffs against AmeriGas. Second, there is no just reason to delay the entry of judgment. None of the Dismissed Plaintiffs is continuing to litigate in this Court – whether against AmeriGas, which has entered into the Class Settlement, or against the Ferrellgas defendants, who have not settled. Further, the fact that, as time has gone by, one of the Dismissed Plaintiffs has lost touch with counsel, and two of the Dismissed Plaintiffs have died and representatives of their estates have declined to engage with respect to this litigation, reinforces this conclusion. This fact shows that allowing more time to pass would result only in any potential connection between the Dismissed Plaintiffs, or their estates, and this litigation to become even more remote.

Conclusion: For the reasons set forth above, the Court should enter the [Proposed] Judgment lodged concurrently with this motion, after allowing a ten day period from the date of filing to allow any comment by Mr. Orr and the estates of the two deceased plaintiffs. Entry of judgment is fully consistent with the pending Class Settlement and will help to bring this litigation to a final conclusion as to AmeriGas, which is in the interests of justice in light of the Class Settlement, which contains substantial benefit for class members.

DATED: January 14, 2021          Respectfully submitted,

/s/ *Joseph D. Lee*

Joseph D. Lee
Stuart N. Senator
Ashley D. Kaplan
MUNGER TOLLES & OLSON LLP
350 S. Grand Ave, 50th Floor
Los Angeles, California 90071
Tel: (213) 683-9100
joseph.lee@mto.com
stuart.senator@mto.com
ashley.kaplan@mto.com

Edward D. Greim #54034MO
Andrew P. Alexander #66980MO
GRAVES GARRETT, LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel: (816) 256-3181
Fax: (816) 222-0534
edgreim@gravesgarrett.com
aalexander@gravesgarrett.com

*Attorneys for Defendant AmeriGas Partners, L.P.*

## **CERTIFICATE OF SERVICE**

I certify that on January 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to counsel of record.

_/s/ Joseph D. Lee_
Joseph D. Lee
